CLD-134                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3356
_____

MATTHEW JONES,
Appellant

v.

DEPUTY ATTORNEY GENERAL VALERIE FARNAN;
DEPUTY ATTORNEY GENERAL MONICA HORTON;
DEPUTY ATTORNEY GENERAL LOREN HOLLAND
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-20-cv-00818)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 25, 2021
Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 6, 2021)
_____

OPINION*
_____

PER CURIAM

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Matthew Jones, proceeding pro se and in forma pauperis, appeals an order of the United States District Court for the District of Delaware dismissing his complaint. For the reasons that follow, we will summarily affirm.

## I.

Because we write primarily for the benefit of the parties, we recite only the relevant facts and procedural history. Jones filed a complaint against Delaware Deputy Attorneys General Valerie Farnan, Monica Horton, and Loren Holland related to involuntary commitment proceedings for mental illness and subsequent hearings that took place in 2017 and 2018.[1] The District Court construed the complaint to allege a number of constitutional and statutory violations, including cruel and unusual punishment; a violation of Jones's right to bear arms; unreasonable search and seizure; a First Amendment violation; and allegations of negligence. Jones seeks twenty million dollars in damages.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) dismissed the complaint without leave to amend because the defendants have prosecutorial immunity.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal under the same de novo standard of review that we apply to our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah v.

---

[1] As the District Court noted, Jones had previously filed many complaints challenging aspects of his commitment and medical treatment.

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and because Flick is proceeding pro se, we construe his complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III

As the District Court explained, prosecutors are generally immune from liability for damages in actions brought pursuant to § 1983. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Although prosecutorial immunity is not unlimited in scope, it clearly applies when, as Jones alleges in his complaint, prosecutors are acting in the role of advocates on behalf of the state. See id.; see also Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008); Fogle v. Sokol, 957 F.3d 148, 162 (3d Cir. 2020). The District Court correctly found that the defendants were protected by prosecutorial immunity during the proceedings that Jones challenges, observing that they were required to "appear[] before a judge and present[] evidence." Fogle v. Sokol, 957 F.3d 148, 162 (3d Cir. 2020) (quotations omitted); see also Russell v. Richardson, 905 F.3d 239, 247 (3d Cir. 2018); Cornejo v. Bell, 592 F.3d 121,

3

127-28 (2d Cir. 2010).[2] Additionally, we agree with the District Court's determination that amendment would be futile.

Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.

---

[2] We have considered the arguments in appellant's document in support of appeal and conclude that they are meritless.